Van Brunt, J.
— Although the association may have had the power to waive defaults as far as its own rights were affected, it is difficult to see how, if such waver affected other parties to its contracts, it could dispose of their rights. By a clause in the policy or certificate it became null and void in case of default in making payments. It was this clause which was undoubtedly referred to in these policies where payments are to be made upon death only to those who have kept their certificates in force, and the moment the event happened by which a certificate became null and void an additional right vested in the other beneficiaries, under the certificate of which they could not be divested without their consent. The case is one which differs widely from those where the insurance company and the assured are the only contracting parties.
In the case at bar, each one of the holders of these certificates named in the certificate is a party to it; has rights under it whicli cannot be taken away without his consent. It may be all very well for the association to reinstate a certificate after it has been forfeited, but as the holders of other certificates have been benefited by such forfeitures by the very terms of the certificate itself, the association cannot, without their consent, deprive them of the benefits thus accruing by the terms of their contract. Such being the case, the reinstatement of these certificates by the company after they had ceased to exist in no way prejudiced rights under the certificates in question. These parties may have valid policies as against the company, but the moment they allowed their certificates to lapse, they lost all rights under the certificate in question, which could be reinstated only by the consent of *379 the beneficiaries under the certificate, whose rights were to be affected by such reinstatement, as well as by the assent of the association issuing the certificate. Ho such assent having been given in this case at bar, the holders of the other certificates lost their rights under the certificate in question, and cannot now claim any portion of the proceeds of the same.
Judgment for plaintiff.